IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STACEY E. BALLARD, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:23-cv-603-MHT-SMD |
| | ) |
| CITY OF WETUMPKA, | ) |
| | ) |
|    Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Stacey E. Ballard ("Ballard"), proceeding *pro se*, filed this action on October 12, 2023. Compl. (Doc. 1). Because Ballard is proceeding *in forma pauperis*, the undersigned reviewed his complaint pursuant to 28 U.S.C. § 1915(e). *See* Order (Doc. 6). Based on that review, the undersigned ordered Ballard to file an amended complaint on or before January 5, 2024. Order (Doc. 8). After Ballard did not do so, on January 22, 2024, the undersigned ordered Ballard to show cause why his complaint should not be dismissed for failure to prosecute and abide by orders of the Court. Order (Doc. 9).

To date, Ballard has not responded to the undersigned's show cause order, and the time for doing so has passed. Further, Ballard has not taken any action in this case other than filing his initial complaint, motion to proceed *in forma pauperis*, and corporate/conflict disclosure statement, nor has he otherwise indicated a desire to prosecute this matter further.

Because of Ballard's failure to comply with the Court's orders and because he has taken no action to indicate he wishes to pursue this action further, the undersigned

concludes that this case should be dismissed without prejudice for failure to prosecute and abide by court orders. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630-31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket"). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Accordingly, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

It is further

ORDERED that Ballard shall file any objections to this Recommendation on or before March 5, 2024. Ballard must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party

to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 20th day of February, 2024.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE